IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| Plaintiff, | : |
| v. | : Civ. No. 08-362-JJF |
| STEPHANIE ANN TSANTES, | : |
| Defendant. | : |

**O R D E R**

Plaintiff Ivan L. Mendez, an inmate at the Delaware Correctional Center ("DCC"), filed this action pursuant to 42 U.S.C. § 1983. He proceeds pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is

not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Mendez v. Delaware Corr. Ctr., Civ. No. 05-303-JJF (Dec. 1, 2005); Mendez v. Delaware Legal Sys., Civ. No. 05-304-JJF (Dec. 1, 2005); Mendez v. Delaware State, Civ. No. 05-305-JJF (Dec. 1, 2005); Mendez v. Delaware Psychiatric Ctr., Civ. No. 05-306-JJF (Dec. 1, 2005). Therefore, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his Complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). His Complaint does not meet that standard. Rather, Plaintiff complains of harm to him by Defendant when he was housed at the Sussex Correctional Institution ("SCI"), including sending persons to kill Plaintiff. Plaintiff, however, is now housed at the DCC. For the above reasons, Plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed in forma pauperis.

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (D.I. 1) is **DENIED**.

-2-

2.    Plaintiff is given thirty (30) days from the date of this Order to pay the $350.00 filing fee.  If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

_July 30, 2008_  
DATE

_Joseph J. Farnan_  
UNITED STATES DISTRICT JUDGE